OPINION
{¶ 1} This is an appeal from the Stark County Common Pleas Court's dismissal of Appellant's petition for post-conviction relief. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2001, Appellant was charged by a Bill of Information with two counts of statutory rape, in violation of R.C. § 2907.02(A)(1)(b) and three counts of gross sexual imposition, in violation of R.C. §2907.05(A)(4).
 {¶ 3} Appellant waived his right to indictment and pleaded guilty to said charges.
 {¶ 4} The trial court sentenced Appellant to nine (9) years on each count of rape and five (5) years on each count of gross sexual imposition. The sentences for the rape convictions were ordered to be run consecutively and the sentences for the gross sexual imposition to run concurrently. The trial court also classified Appellant as a sexual predator based upon his stipulation.
 {¶ 5} On April 8, 2002, Appellant filed a Petition for Post-Conviction Relief styled "Petition to Vacate or Set Aside Sentencing".
 {¶ 6} On May 9, 2002, the trial court dismissed Appellant's Petition for Post-Conviction Relief finding that Appellant did not meet his burden to demonstrate that he was entitled to the relief requested.
 {¶ 7} It is from this decision which Appellant has filed the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR I. {¶ 8} "DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. SENTENCING DEALS MADE OVER THE PHONE."
 II. {¶ 9} "DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. SENTENCING TERM IS CONTRARY TO LAW."
 III. {¶ 10} "DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. CRIMINAL RULE 32 (THIRTY-TWO) VIOLATED BY SENTENCING JUDGE."
 IV. {¶ 11} "DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. A PATTERN OF DISPARITY IN SENTENCING BY THE JUDGE WHO IMPOSED THE SENTENCE."
 V. {¶ 12} "DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. PRELIMINARY HEARING NOT HELD."
 VI. {¶ 13} DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. SENTENCING DEAL WAS NOT ADHERED TO."
 VII. {¶ 14} DEFENDANTS [SIC] 14TH AMENDMENT RIGHT OF DUE PROCESS WAS VIOLATED. TRIAL COURT NEVER HAD JURISDICTION."
 I. {¶ 15} In his first assignment of error, Appellant claims that the trial court erred in dismissing his post-conviction relief petition based on his argument that a sentencing deal made between his counsel, the prosecutor and the judge was not honored, thereby violating his constitutional rights. We disagree.
 {¶ 16} Appellant submitted no evidentiary materials in support of his claim. As appellant submitted no evidence outside the record, the court did not err in determining that his claims were barred, as the only material before the court was the record of the trial proceedings.
 {¶ 17} Appellant's first assignment of error is overruled.
 II. {¶ 18} In his second assignment of error, Appellant argues that his sentence and sexual predator classification is contrary to law.
 {¶ 19} The doctrine of res judicata establishes that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by defendant at trial." State v.Reynolds, 3rd Dist. No. 12-01-11, 2002-Ohio-2823. Failure to appeal a judgment of conviction bars, as res judicata, a later attempt to litigate issues that could have been raised on a direct appeal. Id.
 {¶ 20} Appellant could have raised these claims before the trial court or on direct appeal. Appellant is therefore barred by the doctrine of res judicata from raising these claims in his petition for post-conviction relief.
 {¶ 21} Appellant's second assignment of error is overruled.
 III. {¶ 22} In his third assignment of error, Appellant argues that his right to speak on his own behalf prior to sentencing pursuant to Crim R. 32 was violated and therefore the trial court should not have dismissed his petition for post-conviction relief. We disagree.
 {¶ 23} As stated in Assignment of Error II, Appellant could have raised these claims before the trial court or on direct appeal. Appellant is therefore barred by the doctrine of res judicata from raising these claims in his petition for post-conviction relief.
 {¶ 24} Appellant also argues that the trial judge should have granted his motions for appointment of counsel, investigator, psychologist, etc. A petitioner in a postconviction proceeding is not entitled to the appointment of either an attorney or an expert witness to assist in discovery. U.S.C.A. Const. Amend. 6.
 {¶ 25} Appellant's third assignment of error is overruled.
 IV. {¶ 26} In his fourth assignment of error, Appellant argues that his petition should not have been dismissed because his sentence was the result of pattern of disparate treatment by the trial judge based on the fact that the judge is female and the victim is female as opposed to Appellant was is male. We disagree.
 {¶ 27} Again, in addition to Appellant providing no evidentiary support for his argument, we find his claim to be res judicata as same could have been raised on direct appeal.
 {¶ 28} Appellant's fourth assignment of error is overruled.
 V. {¶ 29} In his fifth assignment of error, Appellant argues that the trial court erred in not finding that his due process rights were violated because no preliminary hearing was held in municipal court. We disagree.
 {¶ 30} Again, this argument is res judicata.
 {¶ 31} Additionally, Appellant waived his right to be prosecuted through an indictment and was charged by a bill of information in accordance with Crim.R. 7. As such, there was no need for a preliminary hearing as the only purpose of such is determine if sufficient facts exist to warrant the court in binding the accused over to the grand jury. State v. Wigglesworth (1969), 18 Ohio St.2d 171.
 {¶ 32} Appellant's fifth assignment of error is overruled.
 VI. {¶ 33} In his sixth assignment of error, Appellant argues his constitutional rights were violated when the prosecutor made a tape recording of the victim's statement which violated his sentencing deal. We disagree.
 {¶ 34} It is unclear to this court how said tape recording violated Appellant's "sentencing deal" because Appellant has failed to provide any evidence of such "deal". This Court further finds that making of such recording, whether it was to be used before the grand jury or not, does not violate any of Appellant's constitutional rights.
 {¶ 35} Appellant's sixth assignment of error is denied.
 VII. {¶ 36} In his seventh and final assignment of error, Appellant argues that the trial court lacked jurisdiction pursuant to R.C. §1901.20(B).
 {¶ 37} Revised Code § 1901.20(B) states:
 {¶ 38} "(B) The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant."
 {¶ 39} This code section grants authority to the municipal court to conduct preliminary hearings in felony cases.
 {¶ 40} As stated earlier, Appellant waived indictment and pled to a bill of information, obviating the need for an indictment.
 {¶ 41} Furthermore, the common pleas court has exclusive jurisdiction over felonies committed within its jurisdiction pursuant to R.C. § 2931.03
 {¶ 42} Revised Code § 2931.03, provides, in pertinent part:
 {¶ 43} "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."
 {¶ 44} Appellant's seventh assignment of error is overruled.
 {¶ 45} The decision of the Stark County Common Pleas Court is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.